FILED

2019 Oct-03  PM 01:54
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

DAPHNE BERRY, )
)
    Plaintiff, )
)
v. )
)   CIVIL ACTION NUMBER:
)   5:19-CV-01407-LCB
CRESTWOOD HEALTHCARE L.P., )
CHS PROFESSIONAL SERVICES )
CORP., )
)
    Defendants. )

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Crestwood Healthcare L.P. ("Crestwood") and Defendant CHSPSC, LLC (improperly named in the Complaint as "CHS Professional Services Corp.") (hereinafter, "CHSPSC") (collectively, "Defendants") deny every allegation in the complaint not specifically admitted and further answer the complaint as follows:

## FIRST DEFENSE

Defendants answer the separately numbered paragraphs of the complaint as follows:

1

## I.  NATURE OF THE CASE

1.      Defendants   admit   that   Plaintiff's   complaint   speaks   for itself.  Otherwise, Defendants deny the allegations in Paragraph 1 and specifically deny any alleged unlawful conduct.

## II.  JURISDICTION AND VENUE

2.      Defendants  do  not  contest  jurisdiction  in  this  case.   Otherwise, Defendants deny the allegations in Paragraph 2.

3.      Defendants do not contest venue in this case.  Otherwise, Defendants deny the allegations in Paragraph 3.

## III.  PARTIES

4.      Crestwood admits that it employed Plaintiff and that she is a black female.  CHSPSC denies employing Plaintiff at any time.  Otherwise, Defendants lack sufficient information to admit or deny the allegations in Paragraph 4, and therefore deny them.

5.      Denied.

6.      Defendants admit that they are subsidiaries of Community Health Systems, Inc.  CHSPSC admits that it employs more than 15 individuals, although it never employed Plaintiff.  It further admits that it provides services to Crestwood. Otherwise, denied.

7.      Denied.

4833-2759-9784.2

8.     Admitted.

9.     Denied as stated.

10.    Admitted that Crestwood has more than 15 employees and that it employed Plaintiff; otherwise, denied.

11.    Admitted that Plaintiff's Complaint speaks for itself.

## IV.  CONDITIONS PRECEDENT

12.    Denied that CHSPSC terminated Plaintiff's employment, as she was not its employee.  Admitted that Crestwood terminated Plaintiff's employment in or around May of 2018.

13.    Admitted that Plaintiff's EEOC Charge, attached to her Complaint as Exhibit 1, speaks for itself.

14.    Admitted that the EEOC Notice of Rights letter, attached to Plaintiff's Complaint as Exhibit 2, speaks for itself.

15.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 15, and therefore deny them.

## V.  FACTS

16.    Admitted that Crestwood operates Crestwood Medical Center. Otherwise, denied.

17.    Admitted.

4833-2759-9784.2

18.	Admitted that more than 500 individuals work at Crestwood Medical Center.  Otherwise, denied.

19.	Admitted that Crestwood employed Plaintiff at Crestwood Medical Center.

20.	Admitted that Crestwood Healthcare, LP was Plaintiff's employer and, as such, administered her paycheck.

21.	Denied.

22.	Admitted that Plantiff's employment history speaks for itself.

23.	Admitted.

24.	Denied.

25.	Admitted that a patient incident occurred in February of 2018 involving Plaintiff and her coworkers.  Otherwise, denied.

26.	Denied.

27.	Defendants admit that any complaint that Crestwood received regarding the patient incident in February of 2018 speaks for itself.

28.	Defendants admit that an investigation was conducted.  Otherwise, denied.

29.	Denied.

30.	Denied.

4833-2759-9784.2

31.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 31, and therefore deny them.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Admitted that Plaintiff was no longer charge nurse after mid-2018. Otherwise, denied.

37.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 37, and therefore deny them.

38.     Admitted on information and belief that Hood was present during the February 2018 patient incident and was subsequently disciplined.   Otherwise, denied.

39.     Denied.

40.     Admitted that any written complaint by Plaintiff speaks for itself. Otherwise, denied.

41.     Admitted.

42.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 42, and therefore deny them.

5

43.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 43, and therefore deny them.

44.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 44, and therefore deny them.

45.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 45, and therefore deny them.

46.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 46, and therefore deny them.

47.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 47, and therefore deny them.

48.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 48, and therefore deny them.

49.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 49, and therefore deny them.

50.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 50, and therefore deny them.

51.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 51, and therefore deny them.

52.     Admitted that Lisa Friday interviewed Plaintiff.  Otherwise, denied.

4833-2759-9784.2

53.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 53, and therefore deny them.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 59, and therefore deny them.

60.     Admitted that Crestwood terminated Plaintiff's employment.  Denied that CHSPSC was Plaintiff's employer or that CHSPSC made any employment decisions as to Plaintiff.  Otherwise, Defendants lack sufficient information to admit or deny the allegations in Paragraph 60, and therefore deny them.

61.     Denied.

62.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 62, and therefore deny them.

63.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 63, and therefore deny them.

64.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 64, and therefore deny them.

4833-2759-9784.2

65.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 65, and therefore deny them.

66.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 66, and therefore deny them.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

## VI.  STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE
### TITLE VII – RACE DISCRIMINATION

72.     Defendants adopt and incorporate their responses to Paragraphs 1-71.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

In response to Plaintiff's unnumbered WHEREFORE paragraph, Defendants deny that Plaintiff is entitled to the relief sought, or any other relief.

4833-2759-9784.2

## COUNT TWO
## TITLE VII – RETALIATION

78.     Defendants adopt and incorporate their responses to Paragraphs 1-77.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

In response to Plaintiff's unnumbered WHEREFORE paragraph, Defendants

deny that Plaintiff is entitled to the relief sought, or any other relief.

## COUNT THREE
## RACE DISCRIMINATION § 1981

83.     Defendants adopt and incorporate their responses to Paragraphs 1-82.

84.     Denied.

85.     Denied.

86.     Denied.

In response to Plaintiff's unnumbered WHEREFORE paragraph, Defendants

deny that Plaintiff is entitled to the relief sought, or any other relief.

## COUNT FOUR
## RETALIATION § 1981

87.     Defendants adopt and incorporate their responses to Paragraphs 1-86.

88.     Denied.

89.     Denied.

9

90.     Denied.

91.     Denied.

In response to Plaintiff's unnumbered WHEREFORE paragraph, Defendants

deny that Plaintiff is entitled to the relief sought, or any other relief.

## COUNT FIVE
## NEGLIGENCE

92.     Defendants adopt and incorporate their responses to Paragraphs 1-91.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

In response to Plaintiff's unnumbered WHEREFORE paragraph, Defendants

deny that Plaintiff is entitled to the relief sought, or any other relief.

## COUNT SIX
## OUTRAGE

98.     Defendants adopt and incorporate their responses to Paragraphs 1-97.

99.     Denied.

100.    Denied.

101.    Denied.

In response to Plaintiff's unnumbered WHEREFORE paragraph, Defendants deny that Plaintiff is entitled to the relief sought, or any other relief.

## SECOND DEFENSE

The claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff is not entitled to a jury on her claims for equitable relief.

## FOURTH DEFENSE

Plaintiff's claims for damages are limited to the extent she has failed or refused to mitigate her damages.

## FIFTH DEFENSE

Plaintiff is not entitled to an award of punitive damages, as she has not pled and cannot prove facts sufficient to support such an award under applicable law, and Defendants plead all defenses made available by the Supreme Court's decision in Kolstad v. American Dental Association.

## SIXTH DEFENSE

To the extent Plaintiff seeks punitive damages under federal law, she fails to state a claim upon which relief may be granted in that Defendants did not engage in any practice that was malicious, intentional or recklessly or callously indifferent to Plaintiff's federally protected rights.

4833-2759-9784.2

## SEVENTH DEFENSE

To the extent the Alabama Constitution is applicable, Plaintiff's claim for punitive damages violates the Due Process Clause of the Alabama Constitution (1901) Article 1 § 15.

## EIGHTH DEFENSE

Plaintiff's claims fail to the extent she has not fulfilled the applicable administrative prerequisites under the statutes listed in the complaint.

## NINTH DEFENSE

Defendants cannot be liable for alleged actions of which they were unaware and which they could not reasonably become aware.

## TENTH DEFENSE

To the extent the doctrines of accord and satisfaction, waiver, consent and ratification, res judicata, collateral estoppel, claim or issue preclusion, judicial estoppel, contributory negligence, workers' compensation bar, laches, or assumption of risk become applicable in this matter, Defendants assert them in this case.

## ELEVENTH DEFENSE

Defendants are not liable for the alleged tortious or wrongful conduct of the individual(s) referenced in Plaintiff's Complaint under either Alabama state law or federal law.

4833-2759-9784.2

## TWELFTH DEFENSE

No conduct of Defendants was the proximate cause of, or had any causal connection with, the injuries alleged by Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff cannot establish breach of duty as to any employee of Defendants.

## FOURTEENTH DEFENSE

Plaintiff cannot establish that any employee of Defendants committed some sort of act, wrongdoing, or tort that proximately caused her injury.

## FIFTEENTH DEFENSE

Plaintiff cannot establish that Defendants knew or reasonably should have known of any employee's tortious conduct.

## SIXTEENTH DEFENSE

Defendants were not negligent as alleged in Plaintiff's Complaint.

## SEVENTEENTH DEFENSE

No conduct of Defendants was the proximate cause of, or had any causal connection with, the injuries alleged by Plaintiff.

## EIGHTEENTH DEFENSE

All employment decisions relating to plaintiff were based on legitimate, non-discriminatory business reasons.

13

4833-2759-9784.2

## NINETEENTH DEFENSE

To the extent the fact finder concludes that Plaintiff's race or any alleged protected activity influenced any decision impacting Plaintiff, Crestwood would have made the same decision for legitimate nondiscriminatory reasons. CHSPSC denies making any employment decisions as to Plaintiff.

## TWENTIETH DEFENSE

.

Crestwood denies that protected activity or retaliation was a factor in any employment decision affecting Plaintiff; however, to the extent that the fact finder determines otherwise, Crestwood states that it would have made the same decisions absent the alleged impermissible motive. CHSPSC denies making any employment decisions as to Plaintiff.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for retaliation based on alleged protected activity fails because she cannot establish any causal link between that activity and any employment decision about which she complains.

## TWENTY-SECOND DEFENSE

All decisions, if any, attributable to Defendants or their agents that Plaintiff challenges in this action were made in good faith. Defendants have engaged in good-faith efforts to comply with the law.

## **TWENTY-THIRD DEFENSE**

Defendants deny any liability under the theories of respondeat superior, vicarious liability, agency or otherwise.

## **TWENTY-FOURTH DEFENSE**

Plaintiff's claims against CHSPSC fail because she was an employee of Crestwood rather than CHSPSC, and CHSPSC is not a joint employer.

## **TWENTY-FIFTH DEFENSE**

Defendants deny any allegation in Plaintiff's Complaint not specifically admitted herein.   Defendants reserve the right to add such further or supplemental defenses as may be appropriate based on information developed through discovery.

WHEREFORE, Defendants request judgment in their favor and an award of its expenses and costs in defense of this action.

Respectfully submitted,


/s/ *John W. Hargrove*
John W. Hargrove


/s/ *Anne Knox Averitt*
Anne Knox Averitt

Attorneys for Defendants Crestwood Medical Center and CHS Professional Services Corporation

OF COUNSEL

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8343
Facsimile: (205) 488-6343
jhargrove@bradley.com
aaveritt@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Leslie A. Palmer
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233
leslie@palmerlegalservices.com


and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.


/s/ John W. Hargrove
John W. Hargrove

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: jhargrove@bradley.com